United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3581
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Jimmy Franklin Luttrell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 24, 1997
Filed: June 9, 1997

_____

Before BOWMAN, BRIGHT and BEAM, Circuit Judges.

_____

PER CURIAM.

Jimmy Franklin Luttrell pled guilty to one count of possession of methamphetamine, but attempted to withdraw his plea on the day of sentencing. Luttrell claimed that he was intoxicated when he pled guilty and that the Government breached an oral, undisclosed plea agreement. The district court denied his motion. Luttrell appeals. We affirm.

## I. BACKGROUND

Luttrell was charged in a three-count indictment and pled not guilty. Trial began on November 12, 1995, but after the Government presented its case-in-chief, Luttrell pled guilty to the first two counts and the Government dismissed the third count. Later, the Government dismissed the second count after the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995).

At the time he entered his guilty plea, Luttrell recounted his participation in the crimes in open court and under oath. Luttrell also denied consuming any alcohol recently and his defense attorneys stated that they had no reason to doubt Luttrell's competency. In addition, Luttrell and his counsel denied that an agreement existed between them and the Government.

On February 29, 1996, the date of sentencing, Luttrell moved to withdraw his guilty plea. Luttrell claimed that the Government breached an unwritten and undisclosed plea agreement. In addition, he claimed that alcohol and drug consumption the night before he entered a guilty plea rendered his plea involuntary. The district court conducted a thorough hearing, concluded that no plea agreement existed and denied Luttrell's motion to withdraw his plea.

## II. DISCUSSION

Rule 32(e) of the Federal Rules of Criminal Procedure authorizes a district court to grant a motion to withdraw a guilty plea if the defendant shows a fair and just reason. The district court evaluates four factors when considering such a motion: "whether the defendant has demonstrated a fair and just reason, whether the defendant has asserted his innocence, the length of time between the guilty plea and the motion to withdraw, and whether the government will be prejudiced." United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997) (citation omitted). This court reviews a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. Id.

Luttrell alleges that he entered a plea agreement with the Government in which the Government would recommend a ten-year sentence and stop any future seizures of property. Luttrell argues that the Government breached its plea agreement and, therefore, the district court erroneously denied his motion to withdraw his guilty plea. Appellant's Br. at 16-17 (citing Santobello v. New York, 404 U.S. 257 (1971)). The district court examined the evidence offered by Luttrell, but "[was] not persuaded that an agreement had been entered into between the government, defendant, as well as defense counsel." Sent. Tr. at 100. Other factors also weighed against granting Luttrell's motion: Luttrell made no claim of actual innocence, he waited several months before attempting to withdraw his plea, and granting the motion would require the Government to present its case-in-chief again. Accordingly, the district court did not abuse its discretion by denying Luttrell's motion to withdraw his plea.

Luttrell also argues that his alcohol consumption prior to entering his guilty plea impaired his judgment, thereby rendering his guilty plea involuntary. Luttrell recognizes that the voluntariness of his plea is a question of fact and that this court gives great deference to the district court's determination. Appellant's Br. at 17-18. Based on Luttrell's and his counsel's statements at the time he pled guilty, as well as the testimony introduced at the sentencing hearing, the district court did not err by denying Luttrell's motion.

## III. CONCLUSION

After reviewing the record, we conclude that the district court did not abuse its discretion by denying Luttrell's motion to withdraw his guilty plea. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.